# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON JEROME JACOBS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOE M. ALLBAUGH, DOC Director, ) <br> ) <br> Respondent. ) | Case No. CIV 15-025-RAW-KEW |

## OPINION AND ORDER

On March 29, 2018, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, was denied (Dkt. 10). He did not pursue an appeal to the Tenth Circuit Court of Appeals. On August 20, 2018, Petitioner filed in this Court a motion for leave to file a second or successive habeas petition, alleging he has unspecified, newly-discovered evidence that has not been presented in an appropriate forum (Dkt. 12).

"Before a state prisoner may file a second or successive motion under [§ 2254], the prisoner first must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)(A)). Petitioner has failed to obtain authorization.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted).

Here, the Court finds no ground to transfer this matter to the Tenth Circuit, because Petitioner has failed to set forth any facts concerning the basis of his new claim. Petitioner may seek prior authorization from the Tenth Circuit Court of Appeals; however, this Court will deny without prejudice his motion for leave to file a second or successive habeas petition for lack of jurisdiction. *See Cline*, 531 F.3d at 1251 (holding that in the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition).

The Court further finds no basis for granting a certificate of appealability. *See Troutt v. Jones*, 550 F. App'x 681, 682 (10th Cir. 2014) (denying certificate of appealability where petitioner failed to seek authorization before filing successive petition).

**ACCORDINGLY**, Petitioner's motion for leave to file a second or successive habeas petition (Dkt. 12) is DENIED WITHOUT PREJUDICE for lack of jurisdiction, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 27th day of August 2018.

**Dated this 27th day of August, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma